personal injuries. * * * The form of the action is not material. The controlling consideration is, that it does not relate to property interests, but to personal injuries.'' I believe the action for damages in this case is likewise for an injury to the person. Moreover, aside from the statute it has been stated by the Appellate Division of this department in an action for damages following an annulment of the marriage that the right to maintain the action for damages '' arises from the fact that she is not and never was legally a married woman '' (*Cohen* v. *Kahn*, 263 App. Div. 728, 729). Assuming the allegations of the complaint in this action to be true, the plaintiff here should be considered in the category '' never was legally a married woman ''.

Under the statutes and authorities cited, I believe the conclusion is warranted that the complaint herein is proper. Accordingly, the motion is denied. Settle order on notice.

T. Benedict Lynch et al., Appellants, *v.* Samuel Moskowitz, Respondent.

Supreme Court, Appellate Term, First Department, April 18, 1945.

*Irwin Isaacs* and *Milton C. Jacobs* for appellants.

*Harry K. Nadell* for respondent.

Hammer, Eder and Hecht, JJ., concur.

Harris Structural Steel Company, Inc., Appellant, *v.* Mary H. Dean, Individually and as Administratrix of the Estate of John A. Hoff, Deceased, et al., Respondents.

Supreme Court, Appellate Term, First Department, April 18, 1945.